Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527   *paulcist20@gmail.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**AZIZUR RAHMAN,**

              **Plaintiff,**   **VERIFIED COMPLAINT**
                                   **AND JURY TRIAL DEMAND**

   **-against-**

                                  **INDEX NO. _____**


                                  **ASSIGNED JUDGE:_____**

**RICHMOND COMMUNITY CENTER,**

              **Defendant.**
-----------------------------------------------------------x

Plaintiff Azizur Rahman, by and through his attorney, Paul N. Cisternino, as and for his Verified Complaint, alleges as follows:

**INTRODUCTION**

1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq*.,

and the New York State Human Rights Law, New York Executive Law §290 *et seq*.

3. Plaintiff alleges herein that he was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on race, religion, age, subjected to a hostile work environment, and also victimized by an unlawful termination.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff received a written Dismissal from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7. Plaintiff at all times relevant herein resided within the State of New York.

8. Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 64 year-old Muslim male who had been employed by the Defendant since 2011 as a Direct Support Professional; he began working in Defendant's Mt. Kisco location, later moved to its Shrub Oak location and ended at the Yonkers location.

11. During his period of working for the Defendant the Plaintiff has always acted in a competent and professional manner, without time, attendance, disciplinary nor negative performance issues of any kind (except as to any such matters under dispute herein).

12. Upon information and belief, the Plaintiff was subjected to various types of discrimination and to an unlawful termination based on his age, race and religion, and he was also victimized by a hostile work environment.

13. During the relevant time period, the Plaintiff's immediate supervisor was Nicole Mickens-Richberg (hereinafter "Mickens-Richberg"); Mickens-Richberg often treated the Plaintiff differently from Defendant's other non-Muslim employees; for example, she questioned overtime hours where no other employee's were questioned despite the fact that all overtime was pre-approved by management; she also played favorites, allowing preferred employees to come in late and leave early; she also never dealt with unauthorized use of the van by her favored employees, a blatant violation of Defendant policy.

14. Mickens-Richberg also created a hostile work environment by directing

objectionable comments towards Plaintiff, such as saying in front of coworkers "Aziz is a jew."

15. When the Plaintiff pointed out the unfair treatment that Mickens-Richberg was subjecting him to she failed to address his complaints and, in fact, she reacted angrily when the Plaintiff did so; at any rate, no remedial action was taken by her or any other Defendant managers or administrators, or by the Human Resources Department despite Plaintiff's repeated complaints directly to them.

16. Even more concerning, Human Resources apparently reported Plaintiff's complaints back to the employees he had been complaining about.

17. During 2019, the Plaintiff was transferred to Defendant's Yonkers site after he was unfairly scapegoated due to an "incident" involving a resident with extreme behavioral issues.

18. The unfair termination in June 2019 stemmed from an innocuous, non-noteworthy conversation the Plaintiff had with a coworker about a shooting that had occurred recently in Virginia, somehow resulting with the Plaintiff being falsely accused of making terroristic threats.

19. On or about June 17, 2019, the Plaintiff was called to the lobby of the facility by the Assistant Manager to be questioned by the police as to whether he possessed firearms; after telling them that he did not have any guns, the Plaintiff was told to leave the premises and that he would be contacted by HR.

20. The Plaintiff was summarily terminated.

21. It is the Plaintiff's belief that his being Muslim caused this unlawful,

discriminatory termination; as mentioned, he was never provided the opportunity to offer an explanation for what allegedly occurred, nor, to the Plaintiff's knowledge, was an investigation ever conducted by any members of the Defendant into the circumstances surrounding his termination.

22. To the Plaintiff's knowledge, if the Defendant has a written anti-discrimination policy, they do not properly post it, distribute it or enforce it nor do they utilize an employee handbook.

23. At the time of his termination, the Plaintiff was making approximately $30,000 per year; since being terminated, he has been unable to obtain replacement employment, despite his good faith efforts to do so.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RELIGION UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

24. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION BASED ON RELIGION
### UNDER NEW YORK EXECUTIVE LAW §290

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### AS AND FOR A THIRD CAUSE OF ACTION BASED ON RACE
### ORIGIN UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION BASED ON RACE ORIGIN UNDER NEW YORK EXECUTIVE LAW §290

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### AS AND FOR A FIFTH CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SIXTH CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER NEW YORK EXECUTIVE LAW §290

34. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" as though fully set forth herein.

35. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION BASED ON AGE UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

36. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" as though fully set forth herein.

37. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under the Age Discrimination in Employment Act ("ADEA"), having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A EIGHTH CAUSE OF ACTION BASED ON AGE
### UNDER NEW YORK EXECUTIVE LAW §290

38. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "37" as though fully set forth herein.

39. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Azizur Rahman respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial for all claims stated herein.

Dated:  Ossining, New York
        June 21, 2021

                                        Respectfully submitted,

                                        Law Office of Paul N. Cisternino, P.C.
                                        *Attorneys for Plaintiff*

                                        ___*/S/ Paul N. Cisternino*____
                                        Paul N. Cisternino (PC-0317)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                INDEX NO. _____

AZIZUR RAHMAN, Plaintiff

-against-

RICHMOND COMMUNITY CENTER, Defendant

VERIFIED COMPLAINT AND

JURY TRIAL DEMAND

Law Office of Paul N. Cisternino, P.C.
16 Briarbrook Road
Ossining, New York 10562
Tel: (914) 330-1527
*paulcist20@gmail.com*

- **Litigation Back** -